

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

June 13, 1974

The Honorable Ed J. Harris, Chairman
Elections Committee
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 326

Re: Effect of holding
state political
convention on date
of a religious
observance.

Dear Representative Harris:

You have requested our opinion on four questions occasioned by the fact that the date for the major state political party conventions this year coincides with the date of a major religious observance, which in this case is Rosh Hashanah.

The date of the State convention of a party is set by Article 13. 35, Texas Election Code, which provides:

> At the meeting of the State Executive Committee held on the second Monday in March preceding each general primary election the said committee shall decide upon the hour and place where the State convention of the party shall be held on the third Tuesday in September, 1960, and each two (2) years thereafter. The chairman of the State executive committee shall file with the Secretary of State a notice of the hour and place of holding the State convention and a copy of such notice shall be mailed to the county chairman of that party in each county in the State at least ten (10) days before the convention is held.

Article 13. 38, Texas Election Code, also requires the conventions to be held on that same date. It provides in part:

> The state convention to announce a platform of
> principles and to announce nominations for Governor
> and other state offices, held by a political party
> making nominations by primary election, shall meet
> on the third Tuesday in September of each even-numbered
> year at such place as may be determined by the state
> executive committee as provided in [Article 13.35] of
> this Code, and shall remain in session from day to
> day until all nominations are announced and the work
> of the convention is finished.

See, Article 13.58, Texas Election Code, for statutory provisions
governing the date of the convention to select national convention dele-
gates.

Your first question is:

> Are the political parties required to hold state con-
> ventions on the third Tuesday in September bound to
> that date or, if a situation exists which presents a
> possibility of discrimination by basis of religion,
> may they set the date for their state conventions for
> some other day?

In Articles 13.35 and 13.38 the Legislature repeatedly uses the
verb "shall". "Shall" ordinarily is used to indicate a mandatory require-
ment, Brinkley v. State, 320 S.W. 2d 855 (Tex. Crim. 1959), and unless
the context indicates otherwise it is presumed to be used in the imperative
sense. McLaren v. State, 199 S.W. 811 (Tex. Crim. 1917). Cf., Hess &
Skinner Engineering Co. v. Turney, 203 S.W. 593 (Tex. 1918). In these
statutes the context suggests that the word "shall", which is used six
times in the portions of the two Articles quoted above, is employed in
its mandatory sense. We have found nothing to indicate an intent to
permit a political party executive committee to provide for the con-
vening of the state convention at sometime other than the date certain
set by the Legislature.

We do not believe the statutory designation of the third Tuesday in
September as the date for the state party conventions is constitutionally
infirm. Arguably, it could be said that the selection of that date is

violative of the equal protection clause of the Fourteenth Amendment to the extent that there might be a tendency to disenfranchise Jewish delegates and of the due process clause of the same amendment insofar as it incorporates the First Amendment guarantees of freedom of religion. However, so long as a statute is based on reason and does not involve invidious discrimination the equal protection clause does not subject it to a constitutional straitjacket. Jefferson v. Hackney, 406 U.S. 535 (1972). The requirement that the 1974 state party conventions be convened on the same day as the observance of Rosh Hashanah cannot be construed as involving intentional discrimination. The date of Rosh Hashanah is governed by the phases of the moon subject to several variables inherent in the Jewish calendar. The chances of it coinciding with the third Tuesday in September in an even-numbered year are remote, and we have been informed that the dates will not coincide again within this century. Clearly such a coincidence is not invidious discrimination. For the same reasons we believe the statute does not contravene the religious protections afforded by the Constitution. The United States Supreme Court recently held that there is no First Amendment violation if the statute is religiously neutral and is neither arbitrary nor invidious. Gillette v. U.S., 401 U.S. 437 (1971).

Therefore, it is our opinion that a political party subject to the provisions of Articles 13.35 and 13.38 is required to hold its 1974 state convention on September 17.

Your second question is:

> If the political parties may not change the date for the opening of their state conventions, is there any legal barrier which would bar them from holding only a pro-forma session at which no business is transacted on the statutory date and then adjourn or recess to a later date?

It is clearly within the contemplation of the statute that a convention may require more than one day. Article 13.38 provides that the convention "shall remain in session from day to day until all nominations are announced and the work of the convention is completed." We have found no statutory requirement that any particular type or amount of business be completed on the opening day, and therefore, we see no legal objection to convening the convention on September 17, but con-

tinuing the bulk of the convention's business from day to day.

Your third question is:

> Should the political parties refuse to follow the pattern
> suggested in question two (above), would they be open
> to a challenge in the courts based on a claim that they
> are in violation of the non-discrimination provisions
> of their own party rules?

The three political parties currently required to hold a state convention on the third Tuesday in September all prohibit religious discrimination in their party rules. Rules of the Democratic Party of Texas, Article I; Rules of the Republican Party of Texas, Rule No. 3; Rules for La Raza Unida Party, Article III. Party rules, however, must be interpreted in light of the statute and may not be construed to conflict with statutory requirements. Article 13.43b, Texas Election Code.

Technically, a political party's actions would be subject to challenge if the party declined to recess until the end of the period of religious observance since any person who felt aggrieved might seek to enforce his rights in court. However, for the same reasons given in our discussion of the constitutionality of the statute, we believe a challenger's chance of success would be minimal, unless he could establish that the party acted with the intent of disenfranchising Jewish delegates. Cf., Whitcomb v. Chavis, 403 U.S. 124 (1971).

## SUMMARY

A political party subject to the provisions of
Articles 13.35 and 13.38, Texas Election Code, is
required to convene its state convention on the third
Tuesday in September of even-numbered years even
when that date coincidentally is the same as the date

of a religious observance.  The party is not
precluded from convening on that day, recessing
and conducting the bulk of its business on sub-
sequent days.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee